O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN & ZARRABIAN LLP dba MYERS ANDRAS SHERMAN & ZARRABIAN LLP, a California limited liability partnership,<br><br>    Plaintiff,<br><br>  v.<br><br>ADERANT NORTH AMERICA, INC., a Florida corporation; ADERANT CASE MANAGEMENT LLC, a Delaware limited liability company; et al.<br><br>    Defendants. | Case No. CV 14-09676 DDP (RZx)<br><br>**ORDER DENYING PLAINTIFF SHERMAN & ZARRABIAN LLP'S MOTION FOR RECONSIDERATION AND DENYING SHAREHOLDER DEFENDANTS' MOTION FOR SANCTIONS**<br><br>[Dkt. Nos. 38, 48] |

    Presently before the Court is Plaintiff Sherman & Zarrabian LLP's Motion for Reconsideration of the Court's April 28, 2015 order and the Shareholder Defendants'[1] Motion for Sanctions. (Dkt. Nos. 38, 48.) In its previous order, the Court granted the shareholder defendants' Motion to Dismiss with prejudice. (Dkt.

---

[1] The Court uses "Shareholder Defendants" to refer to the individual shareholders named as defendants in this action, namely: Jose Fernandez, Kevin Dunn, Matthew McIsaac, Kevin Wydra, Peter Whang, Warren Merkel, Carl Mack, Michael Province, Alice Vaccarello, and Lori Fullmer.

No. 37.) Plaintiff, arguing that the Court's order does not clearly state that granting Plaintiff leave to amend could not possibly cure the deficiencies in the Third Amended Complaint ("TAC"), requests leave to amend.

Under Local Rule 7-18, "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." C.D. Cal. L.R. 7-18. Reconsideration is generally only appropriate where the Court is presented with newly-discovered evidence, the court "committed clear error or the initial decision was manifestly unjust," or where there is an intervening change in controlling law. <u>Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993). A district court may revise its own orders "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b).

After reviewing the parties' submissions and upon further consideration, the Court concludes that its dismissal with prejudice of the latest complaint sets forth in sufficient detail the topic of the dismissal.

///
///

Plaintiff's Motion for Reconsideration is DENIED. The Shareholder Defendants' Motion for Sanctions is DENIED.

IT IS SO ORDERED.

Dated: October 5, 2015

DEAN D. PREGERSON
United States District Judge

3